## THE UNITED STATES COURT OF FEDERAL CLAIMS

<div style="display:flex; justify-content:space-between;">

PLAINTIFF NO. 1,

On behalf of himself and all others
similarly situated,

                  Plaintiff,

    v.

UNITED STATES OF AMERICA,

                  Defendant.

</div>

20-640 C

Civil Action No. _____

## PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND TO PERMIT PLAINTIFF TO PROCEED ANONYMOUSLY

Because of personal safety concerns, Plaintiff has filed this Motion concurrently with the Complaint to respectfully request the Court (i) permit Plaintiff to file his claims anonymously, and (ii) issue a protective order permitting Plaintiff to file under seal confidential versions of pleadings and other documents.

### I.  Background

Plaintiff is an Investigative Specialist employed by Defendant United States of America ("Defendant") at the Federal Bureau of Investigation ("FBI").  Plaintiff, on behalf of himself and all others similarly situated, alleges that the U.S. government has failed to provide required hazard pay or an environmental pay differential to FBI Investigative Specialists and Supervisory Investigative Specialists (collectively "Specialists") who, because of their jobs, work with or near people, surfaces, or objects infected with the coronavirus.  Federal law provides for a 25% increase

in pay for exposure to "virulent biologicals," defined as microorganic material likely to cause disease or death and from which protective equipment does not completely safeguard a person— a definition that would encompass the coronavirus. *See generally* Compl.; 5 C.F.R. pt. 550, subpt. I, app. A.

Specialists employed by the FBI occupy positions that are classified as national security sensitive. Compl., ¶ 20. They conduct physical and electronic surveillance related to the FBI's foreign counterintelligence and counterterrorism functions, and this work exposes them to classified and confidential information. *Id.* Because of the sensitive nature of their positions, the FBI cautions Specialists against revealing their job titles and responsibilities to anyone outside the bureau or from posting such information on social media. *Id.* In fact, the FBI has even warned Specialists that, because of their positions, foreign intelligence officers or terrorist organizations may attempt to befriend them and extort them for access to classified information. *Id.*

## II. <u>Argument</u>

Plaintiff requests that the Court issue a protective order and permit Plaintiff and the putative class members to litigate this case anonymously, starting with the Complaint. It is essential that Plaintiff and the putative class members be permitted to proceed with this litigation anonymously in order to conceal their identities from discovery by possible targets of their surveillance, or even foreign intelligence officers or terrorist organizations who would use that information to harm them. In addition, revealing Plaintiff's and the putative class members' identities may prevent them from adequately performing their job duties, including by impeding the effectiveness of an investigative technique, method, or procedure of the FBI. It is therefore in the interest of all parties to this action to permit Plaintiff and the putative class members to litigate this case anonymously.

**A.  Legal Standard.**

Notwithstanding the requirement that all complaints must name all the plaintiffs in a lawsuit, this Court has recognized that "secrecy may be necessary under certain circumstances to protect a person from harassment, injury, ridicule or personal embarrassment." *Doe No. 1 v. United States*, 146 Fed.Cl. 690, 691 (2020) (internal brackets, quotation marks, and citations omitted) (granting motion of unnamed FBI English Monitor Analysts for a protective order and for permission to file claims anonymously); *cf.* RCFC 10(a) (requiring that a complaint name all of the plaintiffs to a lawsuit and that the other pleadings must at least name the first plaintiff).

This Court has the authority to "[d]etermine whether and how parties may file anonymously . . . [in order] to manage the process of joining multiple parties [in a collective action] in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Whalen v. United States*, 80 Fed. Cl. 685, 691 (2008) (citing *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). "[C]ourts allow parties to proceed anonymously . . . where unusual circumstances justify concealing a party's identity." *Id.* (citations omitted).

To determine whether a party may proceed anonymously, courts must "balance the plaintiff's interests against both the public interest in disclosure and any prejudice to the defendant." *Doe No. 1*, 146 Fed.Cl. at 691 (internal quotation marks and citations omitted).  In making that determination, several judges of this Court have applied the five-factor test set forth in *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).  *See, e.g.*, *Doe No. 1 v. United States*, 143 Fed. Cl. 238, 240-42 (2019) (applying the test to grant request of Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") employees to proceed anonymously in FLSA action); *Whalen*, 80 Fed. Cl. at 691-93 (applying the test, but requesting

3

additional information); *Wolfchild v. United States*, 62 Fed. Cl. 521, 552–53, 555 (2004), *rev'd on other grounds*, 559 F.3d 1228 (Fed. Cir. 2009) (applying the test and permitting several plaintiffs to file anonymously).

The *Advanced Textile Corp.* test considers five factors: (i) the severity of the harm threatened against the party requesting anonymity; (ii) the reasonableness of the fear of that harm; (iii) the requesting party's vulnerability to such harm; (iv) the public interest in permitting or denying anonymity; and (v) prejudice to the opposing party. *Advanced Textile Corp.*, 214 F.3d at 1068-69.

**B. The Court Should Allow Plaintiff and the Putative Class Members to Proceed Anonymously.**

As the Court has done in similar circumstances on countless occasions, the Court should allow Plaintiff and the putative class members to proceed with this litigation anonymously. *See*, *e.g.*, *Plaintiff No. 1, et al. v. United States*, No. 1:18-cv-00393-EDK, Dkt. Nos. 45 & 46 (order granting same request on behalf of FBI Investigative Specialists after concluding "[t]he parties have identified certain potential harms that could arise should Plaintiffs' names be revealed."); *Doe No. 1*, 146 Fed.Cl. at 692-93 (granting motion on behalf of FBI English Monitor Analysts for a protective order and for permission to proceed anonymously after finding "the public interest in knowing the names of the Plaintiffs is outweighed by the risk of harm they face."); *Doe No. 1*, 143 Fed. Cl. at 240-42 (granting request of ATF employees to proceed anonymously in FLSA action); *Wolfchild*, 62 Fed. Cl. at 552–53, 555 (permitting several plaintiffs to file anonymously).

Importantly, when the *Advanced Textile Corp.* test is applied here, it is clear Plaintiff overcomes the presumption against proceeding anonymously. First, the harm against which Plaintiff seeks protection is severe. Because the nature of Plaintiff's job involves access to sensitive national security-related information, revealing his and the putative class members'

identities could create a risk of harm to them (and even their families) and could make them susceptible to extortion by foreign agents or terrorist organizations.  *See* Compl., ¶ 20.

Second, Plaintiff's fear is objectively reasonable—the FBI has explicitly warned Plaintiff against revealing his job title and responsibilities to anyone outside the bureau or from posting information about his job on social media.  *Id.*  And as this Court has observed, in prior litigation, "the federal government has taken the position that—in light of risks identical to those Does 1 and 2 have identified—'ALL FBI employees have an extremely strong privacy interest in their names, duty stations, award and prior data element information.'"  *Doe No. 1*, 146 Fed.Cl. at 692 (quoting *Long v. Office of Pers. Mgmt.*, No. 5:05-CV-1522, 2007 WL 2903924, at *10 (N.D.N.Y. Sept. 30, 2007)).  This Court has also observed that "revealing the names of federal employees who occupy national security-sensitive positions . . . could permit the targeting of [those] employees and their families outside the workplace."  *Id.* (citations omitted).

Third, because their positions expose them to classified and confidential information—including information about the federal government's counterterrorism and countersurveillance measures—revealing Plaintiff's and the putative class members' identities would make them vulnerable to potential harm, as discussed above.

Fourth, even if the public has an interest in knowing the names of Plaintiff and the putative class members (it does not), that interest is strongly outweighed by the risk of harm the Plaintiff and the putative class members face by revealing their names.  As this Court has recognized, "[w]hile there is, of course, a general interest in judicial transparency, that interest will not be significantly compromised in this case given that the issue presented by this litigation is a purely legal one: whether, given their job duties, the Plaintiffs were properly exempted from the FLSA." *Doe No. 1*, 146 Fed.Cl. at 692.

Fifth and finally, Plaintiff can think of no reason why Defendant would be prejudiced by allowing Plaintiff and the putative class members to proceed anonymously.  On the other side of the balance, however, the resulting prejudice to Plaintiff and the putative class members is severe.

In sum, Plaintiff and the putative class members hold positions of particular sensitivity within the federal government.  They are given access to classified counterintelligence and counterterrorism information, and revealing their names puts them at a particular and serious risk of harm.

### III. Conclusion

For all the reasons stated above, Plaintiff respectfully requests that the Court grant this Motion.  In addition, Plaintiff respectfully requests that, to accomplish these purposes, the Court enter a protective order, a proposed copy of which is attached, permitting Plaintiff to file his identity under seal.

Respectfully submitted,

**/s/ Michael Morrison**
Michael Morrison (Counsel of Record)
ALEXANDER KRAKOW + GLICK
1900 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 394-0888
(310) 394-0811 - facsimile
mmorrison@akgllp.com

Kevin J. Cole
PARKER COLE, P.C.
6700 Fallbrook Avenue, Suite 207
West Hills, CA 91307
(818) 292-8800
(818) 292-8337 - facsimile
kevin@parkercolelaw.com

*Attorneys for Plaintiffs*

Dated:  May 26, 2020

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 26th day of May, 2020, a copy of the foregoing **PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND TO PERMIT PLAINTIFFS TO FILE THEIR CLAIMS ANONYMOUSLY; [PROPOSED] PROTECTIVE ORDER; [PROPOSED] ORDER GRANTING MOTION FOR PROTECTIVE ORDER** were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system on Defendant United States of America.

May 26, 2020                    ALEXANDER KRAKOW + GLICK LLP

                                By:    s/ Michael S. Morrison
                                       Michael S. Morrison
                                       Britt L. Karp
                                       1900 Avenue of the Stars, Suite 900
                                       Los Angeles, CA 90067
                                       Attorneys for Plaintiff